1  FRANK A. MAGNANIMO, ESQ.; STATE BAR NO.: 174570
   JASMINE R. KIAEI, ESQ.; STATE BAR NO.: 331080
2
3  **THARPE & HOWELL, LLP**
   **15250 Ventura Blvd., Ninth Floor**
   **Sherman Oaks, California 91403**
4  **(818) 205-9955; (818) 205-9944 fax**
   E-Mail:  sforman@tharpe-howell.com
5  E-Mail:  drivera@tharpe-howell.com
6  Attorneys for Defendant,
   PARAGON SYSTEMS, INC.
7
8                 UNITED STATES DISTRICT COURT
9                CENTRAL DISTRICT OF CALIFORNIA
10

| 11 | JOSE MOJARRO, an individual | Case No.: 2:23-cv-00393 |
|----|------------------------------|--------------------------|
| 12 | Plaintiff, | [Los Angeles *County Superior Court Case No.: 22STCV38663*] |
| 13 | v. | |
| 14 | PARAGON SYSTEMS, INC. D/B/A PARASYHS, INC., an Alabama Corporation; and DOES 1 through 90, inclusive, | **EXHIBITS TO NOTICE OF REMOVAL** |
| 15 | | |
| 16 | Defendants. | Complaint Filed:  December 12, 2022 |
| 17 | | |

18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

# EXHIBIT    1



## Service of Process Transmittal Summary

**TO:**    Josiah Rocha
SECURITAS SECURITY SERVICES USA, INC.
4330 Park Terrace Dr
Westlake Village, CA 91361-4630

**RE:**    **Process Served in California**

**FOR:**    PARAGON SYSTEMS, INC.  (Domestic State: AL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JOSE MOJARRO, an individual // To: PARAGON SYSTEMS, INC. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice, Attachment(s), Proof |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Central District, CA<br>Case # 22STCV38663 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | National Registered Agents, Inc, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 12/19/2022 at 13:37 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 calendar days after this summons and legal papers are served on you |
| **ATTORNEY(S)/SENDER(S):** | Rob Hennig<br>HENNIG KRAMER RUIZ & SINGH, LLP<br>3600 Wilshire Blvd., Suite 1908<br>Los Angeles, CA 90010<br>(213) 310-8301 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/20/2022, Expected Purge Date: 01/19/2023<br><br>Image SOP<br><br>Email Notification,  Josiah Rocha  JOSIAH.ROCHA@SECURITASINC.COM<br><br>Email Notification,  Laura Polte  Laura.Polte@securitasinc.com<br><br>Email Notification,  Tori DiBlasi  tori.diblasi@securitasinc.com |
| **REGISTERED AGENT CONTACT:** | National Registered Agents, Inc<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

**CT Corporation**
**Service of Process Notification**
12/19/2022
CT Log Number 542881686

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Electronically FILED by Superior Court of California, County of Los Angeles on 12/12/2022 03:17 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk
22STCV38663

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PARAGON SYSTEMS, INC. D/B/A PARASYS, INC., an Alabama Corporation; and DOES 1 THROUGH 90 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSE MOJARRO, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles County Superior Court Stanley Mosk Courthouse 111 N. Hill St. Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):* **22STCV38663** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Adrian Hernandez, 3600 Wilshire Blvd., Suite 1908, Los Angeles, CA 90010, (213) 310-8301

| DATE: *(Fecha)* December 12, 2022 12/12/2022 | Sherri R. Carter Executive Officer / Clerk of Court *(Secretario)* | N. Alvarez | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*



[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* PARAGON SYSTEMS, INC. D/B/A PARASYS, INC., an Alabama Corporation

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☒ by personal delivery on *(date)* DEC 1 9 2022

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courts.ca.gov* |
|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 12/01/2022 03:17 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk
22STCV38663

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Barbara Meiers

1   Rob Hennig, SBN 174646
    Brandon Ruiz, SBN 264603
2   Adrian Hernandez, SBN 325532
3   HENNIG KRAMER RUIZ & SINGH, LLP
    3600 Wilshire Blvd., Suite 1908
4   Los Angeles, CA 90010
    Telephone: (213) 310-8301
5
6   Attorneys for Plaintiff
    JOSE MOJARRO
7
8
9         SUPERIOR COURT OF THE STATE OF CALIFORNIA
10      FOR THE COUNTY OF LOS ANGELES, UNLIMITED JURISDICTION

| | |
|---|---|
| 11  JOSE MOJARRO, an individual, | **22STCV38663** |
| 12              Plaintiffs, | CASE NO. |
| | **CIVIL COMPLAINT** |
| 13      v. | 1.  **VIOLATION OF THE CFRA** |
| | 2.  **CFRA RETALIATION** |
| 14  PARAGON SYSTEMS, INC. D/B/A | 3.  **FEHA - RETALIATION** |
|     PARASYS, INC., an Alabama Corporation; | 4.  **FEHA – FAILURE TO TAKE STEPS** |
| 15  and DOES 1 THROUGH 90, inclusive, | **TO PREVENT HARASSMENT,** |
| | **DISCRIMINATION, AND** |
| 16              Defendants. | **RETALIATION** |
| | 5.  **FAILURE TO PAY MINIMUM WAGE** |
| 17 | 6.  **FAILURE TO PAY ALL WAGES** |
| | **OWED SEMI-MONTHLY** |
| 18 | 7.  **FAILURE TO PROVIDE ACCURATE** |
| | **ITEMIZED WAGE STATEMENTS** |
| 19 | 8.  **WAITING TIME PENALTIES** |
| 20 | 9.  **UNFAIR COMPETITION.** |

21
22
23      Plaintiff JOSE MOJARRO ("Plaintiff" or "MOJARRO") hereby submits his Civil
24  Complaint against Defendants PARAGON SYSTEMS, INC. d/b/a PARASYS, INC.
25  ("PARAGON"), and DOES 1 through 90, inclusive (collectively, PARAGON and the DOE
26  Defendants are referred to as "Defendants"), as follows:
27                          **PARTIES**
28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1.   Plaintiff MOJARRO is an individual and resident of the County of Los Angeles in the State of California.

2.   Plaintiff is informed and believes, and thereon alleges that, at all times material to this Complaint, Defendant PARAGON was and is a security company offering armed security services to secured locations, including but not limited to government buildings. Defendant PARAGON is an Alabama Corporation which has offices in, and conducts business in, the County of Los Angeles, California. PARAGON's offices in Los Angeles County are located at 750 Terrado Plaza, #103, Covina, CA 91723.

3.   MOJARRO is a former employee of PARAGON and, at all relevant times, was working as a supervisory employee of PARAGON. MOJARRO held the titles Lieutenant, Roving Lieutenant, and Captain. In each of these positions, MOJARRO was responsible for overseeing the work and scheduling of security officers working for PARAGON.

4.   Defendants sued herein as Does 1 through 90 are sued under said fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiff is informed and believes, and thereon alleges that each defendant sued under such fictitious names is in some manner responsible for the wrongs and damages as alleged herein, and in so acting was functioning as the agent, servant, manager, supervisor, employee, subsidiary, and/or joint venturer of Defendants and acted at the direction of or with the permission and consent of Defendants.

5.   Plaintiff is informed and believes, and thereon alleges that each and all of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. Plaintiff is informed and believes, and thereon alleges that, at all times material hereto, Defendants were and are the agents of each other.

## JURISDICTION AND VENUE

6.   This Court is the proper court and this action is properly filed in the County of Los Angeles and in this judicial district because (a) Defendant PARAGON maintains office(s) and

1  transacts business in Los Angeles County, (b) contracts of employment between Plaintiff and

2  Defendant PARAGON were made in Los Angeles County, (c) work relevant to this action was

3  performed in whole or primarily in Los Angeles County, (d) material transactions between Plaintiff

4  and Defendants took place within Los Angeles County.

5        7.     As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has

6  suffered and continues to suffer from humiliation, embarrassment, emotional pain and suffering,

7  and other damages in amounts not yet ascertained, but subject to proof at trial.

8        8.     Plaintiff is informed and believes, and thereon alleges, that Defendants engaged in

9  malice, fraud, and/or oppression in their actions against Plaintiff.

10

11                        **FACTUAL ALLEGATIONS**

12        9.     PLAINTIFF MOJARRO began working for PARAGON on or about October 15,

13  2002 as a private security officer. Throughout his employment with PARAGON, MOJARRO has

14  been supervised, both directly and/or indirectly by the Manuel Arriaga ("ARRIAGA").

15        10.    Throughout MOJARRO's employment with PARAGON, he received several

16  promotions and commendations for his exemplary performance. Over the course of his nineteen-

17  year career at PARAGON, MOJARRO reached the rank of Captain.

18        11.    In response to any request for time off by MOJARRO, ARRIAGA would insult

19  MOJARRO for requesting time off, would demand to know what MOJARRO needed time off for,

20  and would tell MOJARRO to "do it on your own time," which MOJARRO interpreted as during his

21  non-working hours. On information and belief, at one point in 2018, ARRIAGA demanded that

22  MOJARRO work even when he was on medical leave for surgery.

23        12.    Following the outbreak of the COVID-19 Pandemic, and the subsequent state and

24  local government lockdowns and restrictions, PARAGON, through ARRIAGA, requested that

25  MOJARRO and his colleagues working in supervisory roles, take vacation time while continuing to

26  perform work from home. Supervisors were thereafter required to put in requests for time off on a

27  rotating basis, but still respond to calls and emails, as well as schedule in their areas, during this

28  "vacation" time while using paid vacation and receiving no compensation for their time worked.

Effectively, MOJARRO, worked without payment of minimum wage and without proper itemized wage statements. As a result, MOJARRO was not paid semi-monthly as required by California law, and, to the extent he was terminated or resigned from employment, was not paid all wages owed upon termination or resignation of employment.

13.    On information and belief, PARAGON also forced MOJARRO to check emails and respond to telephone calls while on vacation, including prior to, and after the forced work from home during the COVID-19 pandemic. On information and belief, PARAGON did not pay MOJARRO for his time worked when he worked while on vacation.

14.    In or around December 2020, MOJARRO was suspended for five days for a scheduling error that resulted in three "open posts." An "open post" refers to a lack of PARAGON personnel coverage at a client site for a period of time that can range from 15 minutes to several hours. On information and belief, this scheduling error was fairly common and was exacerbated by employee absences due to COVID-19. On information and belief, other PARAGON supervisors with scheduling duties have had approximately 20-22 "open posts" in less than a month, and yet unlike MOJARRO, these supervisors were not written up or suspended.

15.    Following this suspension, MOJARRO requested FMLA/CFRA stress leave in December 2020 and was scheduled to return to work in or around February 9, 2021. When MOJARRO attempted to return from FMLA/CFRA leave, he was forced to see a company doctor, who cleared him to return to work, but he was not returned to work.

16.    Instead, MOJARRO was terminated on or about February 22, 2021, allegedly for a scheduling error he made before his suspension, in and around November 2020, and before taking his FMLA/CFRA leave. On information and belief, this scheduling error was fairly common, exacerbated by employee absences due to COVID, and was specifically sought out by PARAGON and/or ARRIAGA to find a pretextual reason to terminate MOJARRO for exercising his right to take protected medical leave under FEHA and/or FMLA/CFRA leave. On information and belief, this termination was due to PARAGON's discriminatory animus towards MOJARRO for his disability and/or due to retaliation by PARAGON and/or ARRIAGA for MOJARRO requesting medical leave and/or FMLA/CFRA leave.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

17.    MOJARRO has exhausted his administrative remedies as to his claims under the Fair Employment and Housing Act, Cal. Gov. Code § 12940 *et seq.*, by filing a complaint with the California Department of Fair Employment and Housing and receiving a "right to sue" notice on December 28, 2021.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT

### in Violation of Cal. Gov. Code § 12945.2

### (Against Defendants PARAGON and DOES 1-10)

18.    As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations that are inconsistent with this cause of action. Plaintiff brings this cause of action against Defendants PARAGON, and DOES 1 through 10.

19.    The California Family Rights Act ("CFRA"), Government Code § 12945.2, requires an employer to grant leave to an employee to care for their employees' own serious health condition. CFRA also requires the employer to reinstate the employee to the same or comparable job upon completion of the leave. CFRA applied to Defendant at all times relevant.

20.    Pursuant to Government Code § 12945.2 *et seq.*, Plaintiff was eligible for medical leave at all times relevant. Plaintiff took protected medical leave beginning in or around December 2020 and was scheduled to return to work on or about February 9, 2021. Instead of being reinstated, Plaintiff was terminated, allegedly for a scheduling error he made before his suspension, in and around November 2020, and before taking his FMLA/CFRA leave.

21.    Such conduct violates various provisions of FEHA including Government Code § 12945.2 because Defendant and/or ARRIAGA refused to reinstate Plaintiff, as required by CFRA, and instead sought out a pretextual reason to terminate him.

22.    As a proximate result of Defendants' willful, knowing, and intentional actions against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and

-5-

1   mental and physical pain and anguish, in sum according to proof.

2       23.     Plaintiff has incurred and continues to incur legal expenses and attorney fees.

3   Plaintiff is presently unaware of the precise amount of the expenses and fees and prays leave of

4   court to amend this Complaint when the amounts are more fully known.

5       24.     Plaintiff is informed and believes and thereon alleges that the aforesaid acts directed

6   toward Plaintiff were carried out with a conscious disregard of his right to be free from such illegal

7   behavior, such as to constitute oppression, fraud, or malice pursuant to Cal. Civ. Code § 3294

8   entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of

9   each of the Defendants.

10      WHEREFORE, Plaintiff requests relief as hereafter provided.

11

12                          **SECOND CAUSE OF ACTION**

13                          **CFRA RETALIATION**

14              **in Violation of Cal. Gov. Code § 12945.2**

15          **(Against Defendants PARAGON and DOES 11-20)**

16      25.     As a separate and distinct cause of action, Plaintiff complains and realleges all the

17  allegations contained in this Complaint, and incorporate them by reference into this cause of action

18  as though fully set forth herein, excepting those allegations that are inconsistent with this cause of

19  action. Plaintiff brings this cause of action against Defendants PARAGON, and DOES 11 through

20  20.

21      26.     The California Family Rights Act, Government Code § 12945.2 applied to Defendant

22  at all times relevant.  Pursuant to Government Code § 12945.2 *et seq.*, Plaintiff was eligible for

23  medical leave at all times relevant.

24      27.     During his employment with Defendant, Plaintiff requested to take CFRA protected

25  leave. Plaintiff took protected medical leave beginning in or around December 2020 and was

26  scheduled to return on or about February 9, 2021. However, Plaintiff was no allowed to return to

27  PARAGON after his protected medical leave.  Instead, as described herein, PARAGON, took

28  adverse employment actions against Plaintiff including terminating his employment on or about

-6-

1 | February 22, 2021.

2 |      28.    Plaintiff is informed and believes and thereon alleges that Plaintiff's use of protected

3 | medical leave was a substantial motivating reason for Defendant's adverse employment actions

4 | against Plaintiff, including discipline and termination.

5 |      29.    Plaintiff was harmed, and Defendant's retaliatory conduct was a substantial factor in

6 | causing Plaintiff's harm.

7 |      30.    As a proximate result of Defendants' willful, knowing, and intentional actions

8 | against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and

9 | mental and physical pain and anguish, in sum according to proof.

10 |      31.    Plaintiff has incurred and continues to incur legal expenses and attorney fees.

11 | Plaintiff is presently unaware of the precise amount of the expenses and fees and prays leave of

12 | court to amend this Complaint when the amounts are more fully known.

13 |      32.    Plaintiff is informed and believes and thereon alleges that the aforesaid acts directed

14 | toward Plaintiff were carried out with a conscious disregard of his right to be free from such illegal

15 | behavior, such as to constitute oppression, fraud, or malice pursuant to Cal. Civ. Code § 3294

16 | entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of

17 | each of the Defendants.

18 |      WHEREFORE, Plaintiff requests relief as hereafter provided.

19 |

20 | **THIRD CAUSE OF ACTION**

21 | **FEHA RETALIATION**

22 | **In Violation of Cal. Gov. Code § 12940(h)**

23 | **(Against Defendants PARAGON, and DOES 21 through 30**

24 |      33.    As a separate and distinct cause of action, Plaintiff complains and realleges all the

25 | allegations contained in this Complaint, and incorporates them by reference into this cause of action

26 | as though fully set forth herein, excepting those allegations that are inconsistent with this cause of

27 | action. Plaintiff brings this cause of action against Defendants PARAGON, and DOES 21 through

28 | 30.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

34.     Plaintiff was employed by Defendant PARAGON during all applicable times mentioned in this complaint, and was supervised by ARRIAGA.

35.     At all applicable times mentioned in this Complaint, Defendant PARAGON regularly employed five or more persons in California bringing Defendant within the provisions of the California Fair Employment and Housing Act.

36.     Plaintiff was retaliated against by Defendant for seeking to exercise his right to take protected medical leave under FEHA.

37.     Defendants undertook adverse employment actions against Plaintiff including, but not limited to, unwarranted criticism, disciplinary action, and termination.

38.     Plaintiff's protected activities were a substantial motivating reason for Defendants' decision to engage in adverse employment actions against Plaintiff including as described herein.

39.     The conduct of Defendants as alleged herein, constituted unlawful retaliation in employment on account of Plaintiff's exercising his right to take protected medical leave under FEHA, as described herein.

40.     Plaintiff was harmed.

41.     Defendant's retaliation against Plaintiff in violation of FEHA was a substantial factor in causing Plaintiff's harm.

42.     As a proximate result of Defendants' willful, knowing and intentional actions against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, in a sum according to proof.

43.     Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees, and prays leave of court to amend this Complaint when the amounts are more fully known.

44.     Plaintiff is informed and believes and thereon alleges that the aforesaid acts directed toward Plaintiff were carried out with a conscious disregard of his right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to Cal. Civ. Code § 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of each of the Defendants.

-8-

1    WHEREFORE, Plaintiff requests relief as hereafter provided.

2

3    **FOURTH CAUSE OF ACTION**

4    **FAILURE TO TAKE ALL STEPS NECESSARY TO STOP**

5    **DISCRIMINATION, HARASSMENT, AND RETALIATION**

6    **In Violation of Cal. Gov. Code § 12940(k)**

7    **(Against Defendants PARAGON, and DOES 31 through 40)**

8    45.    As a separate and distinct cause of action, Plaintiff complains and realleges all the

9    allegations contained in this Complaint, and incorporate them by reference into this cause of action

10    as though fully set forth herein, excepting those allegations that are inconsistent with this cause of

11    action. Plaintiff brings this cause of action against Defendants PARAGON, and DOES 31 through

12    40.

13    46.    During all relevant time periods, Defendant PARAGON regularly employed five or

14    more persons, bringing Defendant within the provisions of FEHA.

15    47.    Defendants failed to take all steps necessary to prevent discrimination, harassment,

16    and/or retaliation from occurring in violation of California Government Code section 12940(k).

17    Defendants failed to take immediate and appropriate corrective action to end discrimination,

18    harassment and/or retaliation.

19    48.    As a result, Plaintiff was subjected to discriminatory, harassing, and retaliatory

20    conduct in violation of FEHA as described herein.

21    49.    Plaintiff was harmed.

22    50.    Defendants' failure to take reasonable steps to prevent the discrimination,

23    harassment, and/or retaliation of Plaintiff was a substantial factor in causing Plaintiff's harm.

24    Plaintiff is informed and believes, and thereon alleges that Defendants failed to take immediate and

25    appropriate corrective action to stop or prevent discrimination, harassment, and/or retaliation.

26    51.    As a proximate result of Defendants' willful, knowing, and intentional actions

27    against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and

28    mental and physical pain and anguish, in sum according to proof.

-9-

52.     Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of the expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

53.     Plaintiff is informed and believes and thereon alleges that the aforesaid acts directed toward Plaintiff were carried out with a conscious disregard of his right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to Cal. Civ. Code § 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of each of the Defendants.

WHEREFORE, Plaintiff requests relief as hereafter provided.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGE

### In Violation of Cal. Lab. Code § 1194

### (Against Defendants PARAGON and DOES 41 through 50)

54.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations that are inconsistent with this cause of action.  Plaintiff brings this cause of action against Defendants PARAGON, and DOES 41 through 50.

55.     This cause of action is brought pursuant to Cal. Lab. Code § 1194, et seq., that provides that employees are entitled to compensation for all work performed, and provides a private right of action for failure to pay proper wages for all hours worked.

56.     Defendants violated or caused to be violated Cal. Lab. Code § 1194 and the applicable IWC Wage Order(s) by requiring Plaintiff to work hours without the payment of minimum wages, as described herein.

57.     At various times, Defendant required Plaintiff to work during what should have been vacation time without pay for the time that he worked.

58.     Defendants' conduct described in this Complaint violates, among other things, Cal.

-10-

1  Lab. Code § 1194 which provide that it is unlawful to employ persons without payment for all

2  hours worked.

3        59.    As an actual and proximate result of the aforementioned violations, Plaintiff has

4  been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of this

5  Court.

6        60.    Plaintiff has incurred and continues to incur legal expenses and attorney fees.

7  Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of

8  the court to amend this complaint when the amounts are more fully known.

9        WHEREFORE, Plaintiff requests relief as hereafter provided.

10

11  ### SIXTH CAUSE OF ACTION

12  **FAILURE TO PAY ALL WAGES OWED SEMI-MONTHLY**

13  **In Violation of Cal. Lab. Code § 204**

14  **(Against Defendants PARAGON and DOES 51 through 60)**

15        61.    As a separate and distinct cause of action, Plaintiff complains and reallege all the

16  allegations contained in this Complaint, and incorporates them by reference into this cause of action

17  as though fully set forth herein, excepting those allegations which are inconsistent with this cause

18  of action.  This cause of action is brought by Plaintiff against Defendants PARAGON and DOES

19  51 through 60.

20        62.    Labor Code section 204 requires an employer to pay all wages owed at least

21  semimonthly.  Due and owing to Defendants' failure to pay MOJARRO for all hours worked,

22  particularly while he was required to work while on "vacation", Defendants have failed to provide

23  all wages owed at the time they are due.

24        63.    Defendants' conduct described in this Complaint violates, among other things, Labor

25  Code section 204; and also the provisions of Cal. Lab. Code §§ 510, 1194, 1197.1 and 1198 which

26  provide that it is unlawful to employ persons without payment for all hours worked.

27        64.    In failing to provide all wages owed semimonthly, Plaintiff is owed these payments

28  and is entitled under law to seek said relief.

1    65.    As an actual and proximate result of the aforementioned violations, Plaintiff has

2  been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of this

3  Court.

4    66.    Plaintiff has incurred and continues to incur legal expenses and attorney fees.

5  Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of

6  the court to amend this complaint when the amounts are more fully known.

7    WHEREFORE, Plaintiff requests relief as hereafter provided.

8

9    **SEVENTH CAUSE OF ACTION**

10    **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENT**

11    **In Violation of Cal. Lab. Code § 226(a)**

12    **(Against Defendants PARAGON, and DOES 61 through 70)**

13    67.    As a separate and distinct cause of action, Plaintiff complains and realleges all the

14  allegations contained in the Complaint, and incorporates them by reference into this cause of action

15  as though fully set forth herein, excepting those allegations that are inconsistent with this cause of

16  action.  This cause of action is brought by Plaintiff against Defendants PARAGON and DOES 61

17  through 70.

18    68.    During all relevant times, Plaintiff was an employee of Defendant PARAGON.

19    69.    Cal. Lab. Code § 226(a) requires an employer to provide with each wage payment an

20  itemized statement that gives specific and accurate information for each pay period.

21    70.    For the period(s) that Plaintiff worked during vacation time without compensation,

22  he was not paid all hours worked. As a result, the itemized wage statements provided were not

23  accurate and indeed false and misleading.

24    71.    Plaintiff is therefore entitled to recover monetary damages as stated in Cal. Lab.

25  Code § 226(e) as well as injunctive relief as provided in Cal. Lab. Code § 226(g).

26    72.    As an actual and proximate result of the aforementioned violations, Plaintiff has

27  been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of this

28  Court.

-12-

73.     Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of the court to amend this complaint when the amounts are more fully known.

WHEREFORE, Plaintiff requests relief as hereafter provided.

## EIGHTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### In Violation of Cal. Lab. Code §§ 201 through 203

### (Against Defendants PARAGON and DOES 71 through 80)

74.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations that are inconsistent with this cause of action.  This cause of action is brought by Plaintiff against Defendants PARAGON and DOES 71 through 80.

75.     At all times relevant to this action, Cal. Lab. Code §§ 201 through 203 applied to Defendants' employment of Plaintiff. At all times relevant hereto, Cal. Lab. Code § 201 stated that if an employer, such as Defendants, discharged an employee the wages earned and unpaid at the time of discharge were due and payable immediately.

76.     Defendants willfully failed to pay Plaintiff earned and unpaid wages at the time of her discharge and/or within seventy-two (72) hours of any voluntary resignation.  Defendants therefore violated Cal. Lab. Code §§ 210 and/or 202.

77.     As an actual and proximate result of the aforementioned violations, Plaintiff has been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of this Court.

78.     Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of the court to amend this complaint when the amounts are more fully known.

WHEREFORE, Plaintiff requests relief as hereafter provided.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

## NINTH CAUSE OF ACTION

### UNFAIR COMPETITION

### In Violation of Cal. Bus & Prof. Code § 17200, *ET SEQ*.

### (Against Defendants PARAGON and DOES 81 through 90)

79.    As a separate and distinct cause of action, Plaintiff complains and reallege all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.  This cause of action is brought against Defendants PARAGON and DOES 81 through 90.

80.    Business and Professions Code section 17200 *et seq.* defines unfair competition to include any "unfair," "unlawful," or "deceptive" business practice.  California's Unfair Competition Law also provides for injunctive relief and restitution for violations.

81.    Defendants have committed numerous unfair, unlawful, or deceptive business practices including: (1) failing to pay Plaintiff compensation for all hours worked; (2) Failing to pay Plaintiff at least minimum wage for all hours worked; (3) failing to provide Plaintiff with an accurate itemized wage statement for each pay period as required by law, (4) failing to pay all wages during employment; and (5) failing to pay all final wages upon termination.

82.    Plaintiff is informed and believes, and thereon alleges, that Defendant continues to engage in the practices described herein and is continuing and will continue to benefit financially from these unlawful and unfair practices unless enjoined by this court from doing so.

83.    As a proximate result of Defendant's actions, Plaintiff and others similarly situated have suffered injury in fact and loss of money or property.

84.    The actions of Defendant detailed herein against present and former California employees constitutes unfair, unlawful, and deceptive business practices, and constitutes actions for which injunctive relief and restitution are available.

85.    Under Business and Professions Code section 17200 *et seq.*, Plaintiff and others similarly situated are entitled to restitution disgorgement of all funds, which lawfully should have been paid as wages and wrongfully withheld by Defendants for the last four years together with

-14-

1    interest thereon, as well as costs and reasonable attorneys' fees pursuant to statute.

2        86.    Under Business and Professions Code section 17200 *et seq.*, Defendants should be

3    enjoined from any and all unfair, unlawful, and deceptive business practices and made to disgorge

4    these ill-gotten gains as these practices are harmful to current and former employees.

5        WHEREFORE, Plaintiff requests relief as hereafter provided.

6

7                            **PRAYER FOR RELIEF**

8    WHEREFORE, Plaintiffs pray for judgment as follows:

9    1.    For consequential damages according to proof;

10   2.    For a money judgment representing compensatory damages, including all economic

11         damages, including lost past and future wages, earnings, retirement benefits and other

12         employee benefits, and all other sums of money, together with interest on those amounts,

13         according to proof;

14   3.    For a money judgment for mental pain and anguish and emotional distress, as allowed by

15         law and according to proof;

16   4.    For declaratory and injunctive relief, as allowed by law;

17
18   5.    For an award of punitive damages, as allowed by law and according to proof;

19   6.    For pre-judgment interest as allowed by law;

20   7.    For reasonable attorney's fees, expenses and costs as allowed by law;

21   8.    For costs of suit incurred; and,

22   9.    For such other and further relief the court may deem just and proper.

23

24   Dated: December 12, 2022          HENNIG KRAMER RUIZ & SINGH, LLP

25

26                    /s/ Adrian Hernandez
                      Rob Hennig
27                    Brandon Ruiz
                      Adrian Hernandez
28                    Attorneys for Plaintiff JOSE MOJARRO

-15-

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands a Trial by Jury.

3

4      Dated: December 12, 2022          HENNIG KRAMER RUIZ & SINGH, LLP

5

6                                         /s/ Adrian Hernandez
                                          Rob Hennig
7                                         Brandon Ruiz
                                          Adrian Hernandez
8                                         Attorneys for Plaintiff JOSE MOJARRO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-16-

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

EXHIBIT    2

Electronically FILED by Superior Court of California, County of Los Angeles on 01/18/2023 11:36 AM David W. Slayton, Executive Officer/Clerk of Court, by A. Lopez,Deputy Clerk

**THARPE & HOWELL, LLP**
**15250 Ventura Boulevard, Ninth Floor**
**Sherman Oaks, California  91403**
**(818) 205-9955; (818) 205-9944 fax**

FRANK A. MAGNANIMO, ESQ.; SBN 174570
E-Mail: fmagnanimo@tharpe-howell.com
JASMINE R. KIAEI, ESQ.; SBN 331080
E-Mail: jkiaei@tharpe-howell.com

Attorneys for Defendant, PARAGON SYSTEMS, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE

| | |
|---|---|
| JOSE MOJARRO, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>PARAGON SYSTEMS, INC. D/B/A PARASYS, INC. an Alabama Corporation; and DOES 1 through 90, inclusive,<br><br>                    Defendants. | Case No. 22STCV38663<br><br>Complaint Filed:  December 12, 2022<br>*Civil Unlimited Jurisdiction*<br>*[Assigned to the Hon. Yolanda Orozco, Dept. 31]*<br><br>**DEFENDANT PARAGON SYSTEMS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant PARAGON SYSTEMS, INC. ("SUSA" or "Defendant") hereby submits this Answer for itself and no one else in response to Plaintiff JOSE MOJARRO'S ("Plaintiff") Complaint ("Complaint") as follows:

**GENERAL DENIAL**

Pursuant to the provisions of Code of Civil Procedure § 431.30, Defendant denies generally each and every allegation contained in the Complaint, and further denies that Plaintiff is entitled to damages, civil penalties, attorneys' fees, prejudgment interest, costs of suit, or any other relief of any kind whatsoever.  Defendant further denies that Plaintiff has sustained, or will sustain, any losses in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of Defendant.

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses, which it designates, collectively, as "affirmative defenses." Defendant's designation of its defenses as "affirmative" is not intended in any way to alter Plaintiff's burden of proof with regard to any element of Plaintiff's causes of action. Defendant incorporates (as if fully set forth therein) this express denial each and every time it references "Plaintiff" herein.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.     As a separate and affirmative defense to the Complaint, and each purported cause of action contained therein, Plaintiff fails to state a claim upon which relief may be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (At-Will Employment)

2.     Plaintiff's claims are barred in whole or in part by Labor Code section 2922, because, at all relevant times, Plaintiff was an at-will employee, subject to termination, with or without cause, and with or without notice.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3.     As a separate and affirmative defense to the Complaint, and each purported cause of action contained therein, Plaintiff's claims are barred in whole or in part by the doctrine of estoppel to the extent Plaintiff's alleged damages were caused by his own actions and/or inaction.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4.     As a separate and affirmative defense to the Complaint, and each purported cause of action contained therein, Plaintiff's claims are barred in whole or in part by the doctrine of laches.

///

///

///

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

5.      As a separate and affirmative defense to the Complaint, and each purported cause of action contained therein, Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands to the extent Plaintiff's alleged damages were caused by his own actions and/or inaction.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver)**

6.      As a separate and affirmative defense to the Complaint, and each purported cause of action contained therein, Defendant contends that Plaintiff has waived his rights, if any, to pursue the Complaint, and each purported cause of action contained therein, by reason of his own actions and course of conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

7.      As a separate and affirmative defense to the Complaint, and each purported cause of action contained therein, Defendant contends that Plaintiff's Complaint, and each purported cause of action contained therein, is barred by the applicable statutes of limitation.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

8.      As a separate and affirmative defense to the Complaint, and each purported cause of action contained therein, Plaintiff has failed to mitigate damages and failed to meet conditions precedent to bringing this suit, including by neglecting to provide Defendant with notice of the deficiencies alleged in the Complaint and an opportunity to cure the deficiencies before instituting a lawsuit.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

9.      As a separate and affirmative defense to the Complaint, and each purported cause of action contained therein, Plaintiff has failed to exhaust his administrative remedies and therefore is not entitled to any relief.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**THARPE & HOWELL, LLP**
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

### TENTH AFFIRMATIVE DEFENSE

#### (Countervailing Interest)

10.     Defendant's conduct was justified because it substantively furthered one or more countervailing interests of Defendant, including but not limited to, ensuring the efficiency of business operations.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Business Judgment Rule)

11.     Plaintiff's claims are barred by the business judgment rule. Actions that are a reasonable exercise of business judgment are not forbidden by law and cannot constitute an unlawful business practice.

### TWELVTH AFFIRMATIVE DEFENSE

#### (Legitimate, Non-Discriminatory/Non-Retaliatory Actions)

12.     Any recovery on Plaintiff's Complaint is barred in whole or in part because the actions alleged to be taken with respect to Plaintiff were undertaken for legitimate, nondiscriminatory and non-retaliatory reasons and all actions taken were for good cause and not for any improper reason or motive.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Good Faith)

13.     As a separate and affirmative defense to the Complaint, and each purported cause of action contained therein, Defendant contends that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action, because any decisions made by Defendant with respect to Plaintiff's employment were made in good faith, with honesty of purpose and without any improper motive, purpose of means, and without any hatred, ill will, malice, or intent to injure.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (No Acts by Managing Agents)

14.     Plaintiff's claims for exemplary or punitive damages are barred because the acts and omissions attributed to Defendant were not performed by an officer, director, or managing agent of Defendant, and thus are not attributable to Defendant for purposes of an award of punitive

damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Malice)

15.    Plaintiff's claims for exemplary or punitive damages are barred because the acts and omissions of Defendant fail to rise to the level required to sustain an award of punitive damages; there was no evil intent, no evidence of malicious, knowing, oppressive or fraudulent intent to deny Plaintiff his protected rights, and no wantonness or willfulness, and thus no support for an award of punitive damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Exclusive Remedy)

16.    Plaintiff's claims based in whole or in part upon any alleged physical or emotional injury or distress are barred because Plaintiff's sole and exclusive remedy, if any, for such injuries is governed by the California Workers' Compensation Act (Labor Code sections 3600, et seq. and 3200, et seq.) and must be brought before the Workers' Compensation Appeals Board.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Proportional Fault)

17.    As a separate and affirmative defense to the Complaint, and each purported cause of action contained therein, Defendant contends that if Plaintiff sustained any loss, injury, damage or detriment as alleged in the Complaint, the loss, injury, damage or detriment was caused and contributed to by his actions, in that he did not exercise ordinary care on his own behalf in the performance of his employment, at the times and places alleged in the Complaint, and Plaintiff's actions and omissions proximately caused and contributed to the loss, injury and detriment alleged by Plaintiff and Plaintiff's recovery from Defendant, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or in proportion to his fault.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Fails to State Facts for Damages, Attorneys' Fees, Interest and Costs)

18.    As a separate and affirmative defense to the Complaint, and each purported cause of action contained therein, Defendant contends that the Complaint fails to state facts sufficient to

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

entitle Plaintiff to an award of general damages, special damages, consequential damages, punitive damages, penalties or attorneys' fees, interest and costs.

### NINETEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

19.     As a separate and affirmative defense to the Complaint, and each purported cause of action contained therein, Defendant contends that Plaintiff's Complaint, and each purported cause of action contained therein, is barred, or Plaintiff's damages are limited, by the doctrine of after-acquired evidence.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Complain)

20.     As a separate and affirmative defense to the Complaint, and each purported cause of action contained therein, Defendant contends that Plaintiff's Complaint, and each purported cause of action contained therein, is barred as Plaintiff failed to follow Defendant's procedures for proper notification and/or complaint of the improper conduct alleged in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Willfulness)

21.     As a separate and affirmative defense to the Complaint, and each purported cause of action contained therein, Plaintiff is not entitled to the relief requested in the Complaint because, even if unlawful actions occurred, which Defendant denies, such conduct was prohibited by Defendant's policies and was not committed, countenanced, ratified or approved by management.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Take Advantage of Preventative/Corrective Opportunities)

22.     As a separate and affirmative defense to the Complaint, and each purported cause of action contained therein, Defendant contends that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant, or to avoid harm otherwise.

///

///

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Prevention of Harm)

23.    As a separate and affirmative defense to the Complaint, and each purported cause of action contained therein, Defendant contends that Plaintiff's use of the reasonable preventative or corrective opportunities provided by Defendant would have prevented some or all of the harm Plaintiff suffered, if any.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Mixed Motive/Same Decision)

24.    To the extent discrimination or retaliation played any part in Defendant's employment decisions with respect to Plaintiff (which Defendant denies), Defendant would have made the same employment decisions with respect to Plaintiff in the absence of any discrimination or retaliation.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Fraud, Deceit, and Intentional Misrepresentation)

25.    As a separate and affirmative defense to the Complaint, and each purported cause of action contained therein, Defendant contends that Plaintiff's Complaint is barred by Plaintiff's own fraud, deceit and intentional misrepresentations of material facts.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

26.    As a separate and affirmative defense to the Complaint, and each purported cause of action contained therein, Defendant contends that the doctrine of comparative negligence applies in this case.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Defendant Not Liable)

27.    As a separate and affirmative defense to the Complaint, Defendant contends that Plaintiff's prayer for judgment and damages, regarding the purported causes of action contained in the Complaint, is barred because the damages purportedly sustained by Plaintiff were not the result of acts, representations or omissions of Defendant or any of its agents, representatives or

employees.

## TWENTY-EITHTH AFFIRMATIVE DEFENSE

### (Applicable Exemptions)

28.    Plaintiff is not entitled to the relief sought in the Complaint because, at all relevant times, Plaintiff met various exemptions from applicable laws, regulations, and wage orders, including but not limited to, the executive exemption, the administrative exemption, and/or a combination of multiple exemptions under both California and federal law.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (No Willful or Intentional Failure)

29.    Defendant has not willfully or intentionally failed to pay any compensation to justify any award of penalties or fees.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Noncompensable Work)

30.    Plaintiff's claims for unpaid wages are barred to the extent Plaintiff seeks to recover wages for work that Defendant did not suffer or permit Plaintiff to perform, to the extent that Plaintiff seeks to recover wages for work that was not performed while under the direction and control of Defendant, and/or to the extent that Plaintiff worked without Defendant's actual or constructive knowledge.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Inadvertence or Clerical Error)

31.    Plaintiff's claim for failure to provide properly itemized wage statements is barred because Defendant did not knowingly or intentionally fail to provide accurate and properly itemized wage statements, and any failure by Defendant to provide such wage statements was inadvertent or due to a clerical error.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

32.    As a separate and affirmative defense to the Complaint, and each purported cause of action contained therein, Defendant contends that Plaintiff's claims are barred, in whole or in part,

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

since a good faith dispute existed as to whether Plaintiff was entitled to the amounts claimed, and Defendant did not act willfully or with knowledge that its conduct violated California wage and hour laws or in reckless disregard thereof.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

**(Frivolous)**

33.    As a separate and affirmative defense to the Complaint, and each purported cause of action contained therein, Defendant contends that Plaintiff's claims are frivolous and without foundation in fact.  Furthermore, this lawsuit is being pursued by Plaintiff in bad faith and for vexatious reasons and for the purpose of harassing Defendant. Accordingly, Defendant is entitled to recover its attorney's fees and the appropriate costs and expenses in defending this action.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

**(No Proximate Cause)**

34.    As a separate and affirmative defense to the Complaint, and each purported cause of action contained therein, Defendant contends that any purported representations or promises made by Defendant was not the proximate cause of Plaintiff's alleged damages.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

**(No Specificity)**

35.    As a separate and affirmative defense to the Complaint, and each purported cause of action contained therein, Defendant contends that Plaintiff has failed to plead with the requisite specificity.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

**(Timely Payment)**

36.    As a separate and affirmative defense to the Complaint, and each purported cause of action contained therein, Defendant contends that Plaintiff's claims under California Labor Code §§ 201 and 202 are barred because Defendant timely paid Plaintiff's wages when they were due.

///

///

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Waiting Time Penalties Barred)

37.    As a separate and affirmative defense to the Complaint, and each purported cause of action contained therein, Defendant contends that Plaintiff's claim for waiting time penalties under California Labor Code § 203 are barred because Defendant did not willfully fail to pay Plaintiff all wages owed.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Offset and Setoff)

38.    To the extent Plaintiff suffered any economic injury, which Defendant denies, any relief should be offset by any amounts Plaintiff owes Defendant, payments already made to Plaintiff or any failure to credit Defendant in light of overpayments.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

#### (Lack Of Damages And/Or Harm)

39.    Plaintiff suffered no harm, sustained no damages, and/or was not aggrieved as a result of the actions allegedly taken by Defendant, and is thus barred from recovery on any cause of action against Defendant.

### FORTIETH AFFIRMATIVE DEFENSE

#### (Failure To Exhaust Administrative Remedies)

40.    The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff has failed to exhaust his administrative remedies under FEHA. *Gov't. Code* §§12900, *et seq*.

### FORTY-FIRST AFFIRMATIVE DEFENSE

#### (Unconstitutionality Of Wage Orders)

41.    The Complaint, and each cause of action and/or claim alleged therein, or some of them, are barred because the applicable wage orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

///

1

**FORTY-SECOND AFFIRMATIVE DEFENSE**

2

**(Failure Of Obligations)**

3

42.    Plaintiff has failed to perform all obligations as required by the terms of the alleged

4

employment arrangement, and that performance and/or failure to perform on its part was a condition

5

precedent to the performance of Defendant's obligations.

6

**FORTY-THIRD AFFIRMATIVE DEFENSE**

7

**(No Protected Activity)**

8

43.    Defendant alleges that Plaintiff did not engage in any legally protected activity which

9

prompted actionable retaliation by Defendant, nor was Plaintiff the subject of any retaliatory conduct

10

by Defendant.

11

**FOURTY-FOURTH AFFIRMATIVE DEFENSE**

12

**(Obligations Satisfied)**

13

44.    Defendant is informed and believes that further investigation and discovery will

14

reveal, and on that basis alleges, that any monies owed to Plaintiff have been paid in full, and any

15

obligations it may have owed to any of them have been paid or otherwise satisfied in full.

16

**FORTY-FIFTH-FIRST AFFIRMATIVE DEFENSE**

17

**(No Causal Nexus)**

18

45.    Defendant asserts that there is no causal nexus between any alleged protected activity

19

by Plaintiff and any tangible adverse employment action allegedly taken by Defendant, if ever

20

established.

21

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

22

**(Failure To Use Preventative Opportunities)**

23

46.    Defendant exercised reasonable care to prevent and correct promptly any improper

24

behavior allegedly reported to them, and Plaintiff unreasonably failed to take advantage of the

25

preventative and corrective opportunities provided by Defendant.

26

///

27

///

28

///

1

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

2

### (Avoidable Consequences)

3

47.     Any damages that would otherwise be recoverable by Plaintiff (while denying that

4

any such damages exist) should be limited by virtue of the doctrine of avoidable consequences as set

5

forth in *State Department of Health Services v. Superior Court*, 31 Cal. 4th 1026, 1043 (2003),

6

because: (a) Defendant exercised reasonable care to prevent and correct promptly any unlawful

7

behavior including, but not limited to, having in place appropriate policies and procedures; (b)

8

Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided

9

by Defendant to employees or to "otherwise avoid harm" as that expression is used in *Burlington*

10

*Northern Industries, Inc. v. Ellerth,* 524 U.S. 742 (1998), and *Faragher v. City of Boca Raton,* 524

11

U.S. 775 (1998); and (c) Plaintiff's reasonable use of Defendant's policies and procedures would

12

have prevented at least some, or all, of the purported harm of which Plaintiff now complains.

13

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

14

### (Bus. & Prof. Code § 17200 – Compliance With Obligations)

15

48.     Plaintiff's claims are barred, in whole or in part, because of Defendant's compliance

16

with all applicable laws, statutes, and regulations, said compliance affording Defendant a safe

17

harbor to any claim under Business and Professions Code sections 17200, *et seq*.

18

## FORTY-NINTH AFFIRMATIVE DEFENSE

19

### (Bus. & Prof. Code § 17200 – Restitution Penalties Barred)

20

49.     Plaintiff's prayer for restitution pursuant to Business and Professions Code §17200 *et*

21

*seq*. is barred with respect to penalties of any nature.

22

## FIFTIETH AFFIRMATIVE DEFENSE

23

### (Constitutional Bar On Punitive Damages)

24

50.     Plaintiff is not entitled to recover the punitive damages alleged in the Complaint as

25

an award of punitive damages would violate Defendant's rights under the Constitution of the United

26

States of America and under the Constitution of the State of California, including but not limited to

27

Defendant's rights to procedural and substantive due process and protection from excessive fines.

28

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### (Consent)

51.    Without admitting that Defendant engaged in any of the acts or conduct attributed to Defendant in the Complaint, such acts were consented to by Plaintiff.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

### (Federal Arbitration Act)

52.    Plaintiff's claims are barred in whole or in part because Plaintiff is a party to an arbitration agreement with Defendant which covers the alleged claims, and those claims are therefore barred by the Federal Arbitration Act, 9 U.S.C. §2.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

### (Insufficient Notice And/Or Certification)

53.    Defendant alleges that Plaintiff's claims under *California Government Code* § 12945.2, *et seq.*, are barred because Plaintiff failed to provide sufficient notice and/or certification prompting Defendant to conduct an inquiry as to Plaintiff's eligibility for leave pursuant to the California Family Rights Act.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

### (Compliance With Government Code)

54.    Defendant alleges that Plaintiff's claims under *California Government Code* § 12945.2, *et seq.*, are barred because Plaintiff was afforded time and opportunity for leave of absence.

## TFIFTY-FIFTH AFFIRMATIVE DEFENSE

### (Employment Would Have Ceased)

55.    Defendant alleges that Plaintiff's claims under *California Government Code* § 12945.2, et seq., are barred because Plaintiff's employment would have ceased after his leave of absence was over because his employment would have ended for legitimate business reasons unrelated to his medical leave.

///

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

## FIFTY-SIXTY AFFIRMATIVE DEFENSE

### (No Notification Of Serious Health Condition)

56.    Defendant are informed and believe, and thereon allege, that Plaintiff failed to inform Defendant that Plaintiff and/or any of his children suffered from a serious health condition as defined within *California Government Code* §12945.2, et seq.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Notification Of Continuing Medical Treatment)

57.    Defendant are informed and believe, and thereon allege, Plaintiff failed to inform Defendant that Plaintiff and/or any of his children, were undergoing continuing treatment by a health care provider, as defined within *California Government Code* §12945.2, et seq.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Amend)

58.    Defendant hereby gives notice that it intends to rely on such other and further defenses as may become available during discovery in this action and reserve the right to amend its Answer to assert any such defenses as they become known.

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by reason of his Complaint, that the same be dismissed in its entirety with prejudice, and that judgment be entered in favor of Defendant;

2.    That Defendant be awarded its costs and attorneys' fees; and

3.    That Defendant be awarded such other and further relief as the Court deems just and proper.

Dated: January 18, 2023                                    THARPE & HOWELL, LLP

By: _____
FRANK A. MAGNANIMO
JASMINE R. KIAEI
Attorneys for Defendant, PARAGON
SYSTEMS, INC.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.    At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.    My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3.    I served copies of the following documents (specify the exact title of each document served):

**DEFENDANT PARAGON SYSTEMS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

4.    I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Rob Hennig, SBN 174646<br>Brandon Ruiz, SBN 264603<br>Adrian Hernandez, SBN 325532<br>HENNIG KRAMER RUIZ & SINGH, LLP<br>3600 Wilshire Blvd., Suite 1908<br>Los Angeles, CA 90010<br>Telephone: (213) 310-8301<br>brandon@employmentattorneyla.com | Attorneys for Plaintiff,<br>JOSE MOJARRO |

5.    a.  **X**  **By e-mail or electronic transmission.** By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to California Code of Civil Procedure Section 1010.6. I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6.    I served the documents by the means described in item 5 on *(date): See Below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 1/18/23 | Jacqueline J. Thorne | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\33000-000\33454\Pleadings\2023-01-18 zz - Answer.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.  At the time of service, I was at least 18 years of age and **not a party to this legal action.**

2.  My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3.  I served copies of the following documents (specify the exact title of each document served):

**EXHIBITS TO NOTICE OF REMOVAL**

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Rob Hennig, SBN 174646<br>Brandon Ruiz, SBN 264603<br>Adrian Hernandez, SBN 325532<br>HENNIG KRAMER RUIZ & SINGH, LLP<br>3600 Wilshire Blvd., Suite 1908<br>Los Angeles, CA 90010<br>Telephone: (213) 310-8301<br>brandon@employmentattorneyla.com<br>rob@employmentattorneyla.com<br>adrian@employmentattorneyla.com | Attorneys for Plaintiff,<br>JOSE MOJARRO |

5.  a.  **X**  **ELECTRONIC TRANSMISSION**. By filing through the Court's CM/ECF system, which resulted in the generation of a Notice of Electronic Filing (NEF) confirming service on all registered CM/ECF users, including the person(s) listed above in item 4. Fed.R.Civ.P. 5(b)(2)(E), Central District Local Rule 5-3.2.

    b.  __  **ELECTRONIC TRANSMISSION**. By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to prior written consent of the party(ies) served. Fed.R.Civ.P. 5(b)(2)(E) and (F). I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4.  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6.  I served the documents by the means described in item 5 on *(date): See below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 1/19/23 | Jacqueline J. Thorne | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\33000-000\33454\Pleadings\2023-01-29 ZZ - Exhibits to Notice of Removal.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221